UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



SAVINGS BANK EMPLOYEES )
RETIREMENT ASSOCIATION, )
)
)
Plaintiff, )
)
) CIVIL ACTION
) NO. 05-10123
)
) On Removal from the Superior Court
BERKSHIRE BANK, ) Department of the Trial Court of Middlesex
) County, Commonwealth of Massachusetts
)
)
)
Defendant. )
)

## NOTICE OF REMOVAL

The defendants hereby remove the above captioned action to the United States District Court for the District of Massachusetts. This action was commenced in the Superior Court for the Trial Court of Massachusetts, Middlesex County, on January 5, 2005; the initial pleading was first served on the defendants less than 30 (thirty) days ago, on January 7, 2005. This case is removable under 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1) because the plaintiff, Savings Bank Employees Retirement Association ("SBERA"), asserts claims that are governed by and subject to the laws of ERISA, and any alternative claims are completely preempted by ERISA.[1]

SBERA's Complaint alleges that the defendant owes post-termination fees assessed pursuant to by-laws and provisions of SBERA's ERISA benefit plans. The

---

[1] Attached as Exhibit A is the margin order by the Honorable William Young where he held that federal jurisdiction existed over similar claims brought by the same plaintiff against another group of Savings Bank defendants who also objected to payment of SBERA's post-termination fees.

complaint asserts two counts, each of which is governed and/or preempted by ERISA. Count I seeks to collect amounts allegedly due SBERA as the result of the defendants withdrawal of assets from SBERA's plans. See Complaint ¶9. Count II alleges that the defendants committed unfair business practices under Mass. Gen. Law. c. 93A by failing to pay assessment fees upon withdrawal from SBERA's plans. See Complaint ¶12. This Court has jurisdiction over SBERA's claims.

### A. SBERA's Complaint Asserts A Claim Under ERISA.

SBERA's claims are governed by and subject to ERISA. The By-Laws to SBERA's plans state:

> The provisions of the [Participating Employer's] Plan and the [SBERA] by-laws shall be construed according to the Employees Retirement Income Sercurity [sic] act of 1974 and the regulations issued by the Internal Revenue Service and the Department of Labor of the United States and the laws of the Commonwealth of Massachusetts. Any conflict between ERISA and/or the regulations issued thereunder and the Laws of Massachusetts shall be resolved by compliance with ERISA and the regulations thereunder.

See § 5.1, of the SBERA By-Laws, which are attached as Exhibit B. SBERA's By-Laws also define the legal obligations of SBERA's trustees and provide individuals covered under the plan with specific legal rights. See SBERA By-Laws, §§ 2.3 (Authority and Liability of Trustees), 2.10 (Claims Procedure), and 4.3 (Fiduciary Obligations). Accordingly, SBERA's By-Laws are part of SBERA's plan documents. Doe v. Travelers Ins. Co., 167 F.3d 53, 59 (1st Cir. 1999) (a formal legal document that underpins the plan by giving participants rights thereunder, e.g., by including a claims procedure for the plan, is part of the plan for purposes of ERISA).

Count I of SBERA's Complaint seeks to enforce a resolution of SBERA's trustees that must, pursuant to the trustee's authority, look to the provisions of SBERA's By-

Laws and its ERISA governed plans as the basis for their action. Accordingly, SBERA's claims fall under Section 503(a)(3) of ERISA. Section 503(a)(3) provides that a civil action may be brought <u>by a fiduciary</u>, (A) "<u>to enjoin any act or practice which violates</u> any provision of this title or <u>the terms of the plan</u>, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (II) to enforce any provisions of this title or <u>the terms of the plan</u>." Section 502(f) of the ERISA Act unambiguously gives the district courts of the United States jurisdiction over causes of action arising under § 502(a). See <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66 (1987) (stating that Congress has manifested an intent to make causes of action within the scope of §502(a) removable to federal court); <u>Mange v. Petrolite Corp.</u>, 1995 WL 926-18 (E.D. Mo. 1995) (where plaintiff's claim for non-ERISA covered vacation benefits was tied on the face of the complaint to the interpretation and application of other ERISA covered plans, removal was proper).

    **B.    ERISA Completely Preempts Any Alternative Claims To Enforce The ERISA Governed Plans.**

This case is also removable because ERISA § 502(a)(3) preempts alternative state law claims that simply seek to enforce the provisions of an ERISA plan. See <u>Romney v. Lin</u>, 105 F. 3d 806, 812 (2d. Cir. 1997) (finding that claims based on an obligation imposed by ERISA "plainly constitutes complete "conflict preemption' conferring federal jurisdiction under ERISA."). Here, SBERA seeks moneys allegedly due under terms of the SBERA plans (including the SBERA By-Laws). Under these circumstances, ERISA provides SBERA with its only cause of action, and thus, any alternative claims are completely preempted by it.

Accordingly, because plaintiff's complaint alleges claims cognizable under ERISA and is preempted by ERISA, the United States District Court for the District of Massachusetts has original jurisdiction over these claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1).

Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon the defendant are attached hereto. By removing this action to federal court, defendants do not waive any defenses available to them.

Respectfully submitted,

BERKSHIRE BANK

By its attorneys,

*/s/ Nicole A. Colby Longton*
James J. Marcellino (BBO #318840)
Nicole Colby Longton (BBO #657478)
McDermott Will & Emery
28 State Street
Boston, Massachusetts 02109
617-535-5000

BST99 1442131-1.069465.0011

**CERTIFICATION OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on _____

*/s/ Nicole A. Colby Longton*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
Clerk's Office
USDC, Mass.
Date 12/22/99
By _____ melt
Deputy Clerk

SAVINGS BANKS EMPLOYEES )
RETIREMENT ASSOCIATION, )
    Plaintiff, )
)
v. ) Civil Action No. 99-12282-WGY
)
UNITED STATES TRUST CORP., )
LEXINGTON SAVINGS BANK, and )
SOMERSET SAVINGS BANK, )
    Defendants. )
)

*Jan. 28, 2000,*
*Motion denied.*
*William G. Young*
*Chief Judge*

## PLAINTIFF'S MOTION TO REMAND

The plaintiff Savings Banks Employees Retirement Association ("SBERA") moves to remand the above-captioned action to the Superior Court of the Trial Court of Massachusetts, Suffolk County, where the action was commenced on October 14, 1999. The grounds in support of this motion are set forth in the Memorandum submitted herewith.

SAVINGS BANKS EMPLOYEES
RETIREMENT ASSOCIATION,
By its Attorney,

_____
Thomas J. Butters
B.B.O. No. 068260
Butters, Brazilian & Small
One Exeter Plaza
Boston, MA 02116
(617) 367-2600

Dated: December 22, 1999



# By-Laws Of The Savings Banks Employees Retirement Association

# BY-LAWS
# OF THE SAVINGS BANKS
# EMPLOYEES RETIREMENT ASSOCIATION

The Savings Banks Employees Retirement Association (SBERA) is an unincorporated association of savings banks and other employers created under authority granted by the Commonwealth of Massachusetts General Laws, Chapter 168, Section 39 for the purpose of enabling the Participating Employers to provide pensions and other benefits for their employees and their beneficiaries.

Any savings bank operating within Massachusetts, or any other organization accepted by SBERA's Trustees may, upon application and with the approval of its Board of Trustees, or Board of Directors, become a Participating Employer. Each Participating Employer shall support its Plan in accordance with an executed Plan Adoption Agreement and these by-laws and shall contribute to the Trust Fund of SBERA the amounts necessary to provide pension and other benefits called for in said Adoption Agreement and Plan. A Participating Employer shall comply with the by-laws of SBERA.

SBERA shall conduct its affairs so as to comply at all times with the Employees Retirement Income Security Act of 1974 (ERISA), as it may be amended, and with the Massachusetts General Laws as set forth in Chapter 168, Sections 39, 40 and 41.

The affairs of SBERA shall be conducted in accordance with these by-laws and the organizational procedures set forth herein. Any conflict between the by-laws and the Adoption Agreement and the Plan shall be resolved by reference to the Adoption Agreement and the Plan.

## ARTICLE I

### 1.1 Officers and Trustees

The Association shall be managed by its officers and a Board of twenty (20) Trustees.

### 1.2 Trustees

The Association shall hold an annual meeting during the month of March each year for the election of Trustees. The annual meeting shall be held at the principal office of the Association or such other place as the Board of Trustees may fix. Seven (7) days written notice of the time and place of the meeting shall be given to each Participating Employer.

The Chief Executive Officers (in person or by written proxy) of the Participating Employers shall at the annual meeting elect five (5) Trustees who shall each serve for a four (4) year term. Each Trustee shall hold office until his successor is elected or until earlier resignation or disqualification. Only officers of the Participating Employers shall be eligible for election and service as Trustees; provided, however, that at any given time only one (1) officer of any one (1) participating employer may serve as Trustee. No Trustee shall be eligible for election after having served for six (6) consecutive years or more until an interval of at least one (1) year has intervened; except, however, that such limitation shall not render ineligible for election and service as a Trustee, the Chairman of the Board of Trustees, Vice Chairman of the Board of Trustees and the Treasurer or any of them.

Any Trustee may resign at any time upon written notice to the Association. Whenever a vacancy occurs in the Board of Trustees, such vacancy shall be filled by appointment of the Board of Trustees and such successor shall hold office until the next annual meeting or until his successor shall have been duly elected or qualified. Such appointment shall be made by resolution.

At the annual meeting, the presence in person or by written proxy of a majority of Chief Executive Officers of the Participating Employers shall constitute a quorum.

At the first annual meeting following adoption of these by-laws, twenty (20) Trustees shall be elected; five (5) for four (4) year terms; five (5) for three (3) year terms; five (5) for two (2) year terms and five (5) for one (1) year terms.

### 1.3 Officers

The Trustees shall at their annual meeting elect from their own number a Chairman of the Board of Trustees, a Vice Chairman of the Board of Trustees and a Treasurer. They shall also elect a President who shall serve as Chief Executive Officer, a Plan Administrator, a Secretary and such other officers as the Trustees may from time to time determine to be advisable for the management of the Association. The office of President and Plan Administrator may be held by the same person. With or without cause, two-thirds (2/3) of Trustees then in office may, at any time, remove any officer. Whenever a vacancy occurs in any officer position through removal or resignation or death, such vacancy shall be filled by appointment by the Board of Trustees. Each successor shall hold office for the unexpired term of such officer and until his successor shall be duly elected and qualified. Such appointment shall be made by resolution.

2

### 1.4 Chairman; Vice Chairman of the Board of Trustees

The Chairman of the Board of Trustees shall, if present, preside at all meetings of the Board of Trustees, and the Executive Committee. The Chairman shall be a member of all committees, ex-officio.

In the absence or disability of the Chairman, the Vice Chairman shall exercise the powers and perform the duties of the Chairman.

### 1.5 President; Vice Presidents

The President shall be the chief executive officer of the Association. Subject to the direction of the Board of Trustees and between meetings of the Board, the direction of the Executive Committee, the President shall administer the business of the Association and shall perform such other duties consistent with these by-laws as may be assigned to him from time to time by the Trustees or the Executive Committee.

Any Vice President shall exercise such powers and perform such duties consistent with these by-laws as the Board of Trustees, Executive Committee or the President may from time to time assign to him.

### 1.6 Plan Administrator

The Plan Administrator, <u>under the direction of the Trustees</u>, shall administer the Plan in accordance with the requirements of these by-laws and the Employees Retirement Income Security Act of 1974 (ERISA).

### 1.7 Treasurer; Assistant Treasurer

The Treasurer shall be the chief financial officer of the Association. He shall supervise the preparation of such reports and financial statements as may be required by law or requested by the Trustees. He shall also perform such other duties consistent with these by-laws as may be assigned to him from time to time by the Trustees. The Treasurer shall be a member of the Investment Committee, ex-officio.

In the absence or disability of the Treasurer, any Assistant Treasurer so authorized by the Trustees shall exercise the powers and perform the duties of the Treasurer.

3

### 1.8 Secretary; Assistant Secretaries

The Secretary shall be the recording officer and shall have charge of the corporate seal and of all records and correspondence of SBERA, the Board of Trustees, and of such committees as may be appointed. He shall give notice of all meetings of the Association and all meetings of the Board of Trustees and, unless the Trustees shall otherwise provide, shall attend and keep records of such meetings. He shall also perform such other duties consistent with these by-laws as may be assigned to him from time to time by the Trustees, the Executive Committee, or the President.

In the absence or disability of the Secretary, any Assistant Secretary so authorized by the Board of Trustees shall exercise the powers and perform the duties of the Secretary; and in the absence of the Secretary and such Assistant Secretary at any meeting, the presiding officer may appoint a Secretary Pro-Tem.

### 1.9 Other Powers and Duties of Officers

Each officer shall have, in addition to the duties and powers expressly set forth in these by-laws, such other duties and powers, consistent with the said by-laws, as are customarily incident to his office or may be assigned to him from time to time by the Board of Trustees.

### ARTICLE II

### ADMINISTRATION OF THE ASSOCIATION

### 2.1 Meetings and Manner of Acting

The annual meeting of the Trustees shall be held during the month of March each year immediately following the adjournment of the annual meeting of the Participating Employers. Other Trustee meetings shall be held upon seven (7) days written notice to the Trustees, which may be waived (attendance at a meeting shall be such a waiver), at such times and places as the Chairman of the Board of Trustees shall direct, or upon written request to the Secretary by any five (5) Trustees. A majority of the Board of Trustees shall constitute a quorum at a meeting, and unless otherwise provided a majority of those present at a meeting may act. The Trustees may act without a meeting by a writing signed by a majority of the Trustees in office, but a copy of such action shall be promptly provided to all of the Trustees.

4

## 2.2 Committees

There shall be an Executive Committee, an Investment Committee and a Nominating Committee. The Trustees or the Chairman of the Board of Trustees may establish such other committees they shall determine are necessary or desirable for the management of the affairs of the Association and the Trustees may delegate to such committees all or part of their powers as they from time to time determine. The Trustees and the Chairman of the Board of Trustees shall name the members of Committees established by them, each to consist of one or more Trustees, and may change them from time to time or may at any time terminate any committee.

### (a) Executive Committee

The Executive Committee shall consist of the Chairman of the Board of Trustees, Vice Chairman of the Board of Trustees, Treasurer and two Trustees designated by the Board of Trustees. The Executive Committee and each member thereof shall serve at the pleasure of the Board of Trustees who may fill vacancies, appoint alternates and remove, at any time without notice, any member of the Committee.

The Executive Committee shall have and may exercise, when the Board of Trustees is not in session, all powers of the Board relating to management of the Association, except the power to fill vacancies among the officers in the Executive Committee and in the Investment Committee. Unless otherwise ordered by the Board, the Executive Committee may take final action in respect of matters involving the current and ordinary business of the Association.

### (b) Investment Committee

The Investment Committee shall be elected by the Board of Trustees at the annual meeting and each member thereof shall serve at the pleasure of the Board of Trustees who may fill vacancies; appoint alternates and remove at any time without notice, any member of the Committee.

The Investment Committee shall have and may exercise, when the Board of Trustees is not in session, all powers of the Board relating to investment of funds of the Association. Unless otherwise ordered by the Board, the Investment Committee may take final action in respect to investment of funds of the Association.

5

### (c) Nominating Committee

Prior to the end of January in each year, the Trustees shall by resolution appoint a Nominating Committee consisting of three (3) Trustees and two (2) Chief Executive Officers of Participating Employers who may or may not also be Trustees and shall direct the Secretary to notify all Participating Employers of the names and addresses of each such appointee within ten (10) days following such appointment. The Nominating Committee shall prepare a slate of officer and Trustee nominations to be presented at the next annual meetings of the Participating Employers and of the Trustees and shall deliver a copy thereof to the Secretary and to the Participating Employers at least fourteen (14) days prior to the date of the annual meeting. Any five (5) Participating Employers may, in a writing received at least seven (7) days prior to the annual meeting of Participating Employers, nominate additional Trustee nominees.

## 2.3 Authority and Liability of Trustees

Except as otherwise required by law or specifically required otherwise by these by-laws, the Trustees through the Plan Administrator shall have the sole power and responsibility to administer the Plan, have all powers and be subject to all the duties expressed or implied in these by-laws, and shall make such rules and regulations for such administration as they deem necessary. Without restricting the generality of the foregoing, they are expressly authorized to establish and carry out a funding policy and method consistent with the objectives of the Plan and the requirements of Title I of ERISA; and on behalf of the Association to litigate or compromise, on such terms as they reasonably determine, any claim which may arise by or against the Association on the one hand, and by or against any governmental agency, present or former Participating Employer, present or former Member or beneficiary of a Member, or other person, on the other hand.

The Trustees shall use ordinary care and reasonable diligence in the performance of their duties, but no Trustee, officer or employee of the Association shall be personally liable for any error of judgment made in good faith, nor for any loss unless resulting from his own willful default or neglect, except to the extent required by ERISA. Any such Trustee, officer or employee shall be indemnified for any loss suffered by him as a result of such exception to the extent not indemnified by insurance. The expense of such indemnification shall be allocated as an expense of administration under 2.6.

## 2.4 Allocation of Responsibilities in General

The Trustees may make such allocation and re-allocation of their power and responsibilities to and among committees of their own number, and officers, agents and employees as they from time to time determine. Such allocation or re-allocation may be made in any manner provided it is in writing and is sufficiently disclosed to Participating Employers, employees, former participants and authorized government agencies to enable them fully to ascertain and protect their rights under the Plan or perform their duties with respect to it, as the case may be. Actuarial determinations shall be made in accordance with generally accepted actuarial principles as determined by the Enrolled Actuary. So far as feasible, all provisions of these by-laws and all action taken thereunder shall be construed to effect the assignment of duties and responsibilities to specific persons and committees and not jointly.

## 2.5 Allocation of Responsibilities

Any officer of the Association may in the name and on behalf of the Association, exercise such powers and take such action as from time to time may be authorized by these by-laws or by general or specific vote of the Board of Trustees or duly authorized committee thereof and, without limiting the generality of the foregoing, said officers or any of them are, subject to such vote, authorized and empowered to take any or all of the following actions:

(a) to execute, acknowledge, seal if necessary and deliver, in the name and on behalf of the Association, deeds and conveyances of real estate, assignments, extensions, releases including partial releases, and discharges of mortgages, and assignments and transfers of bonds and other securities; and in connection with any of the foregoing to release or assign the interests of the Association in any policy or contract of insurance or any contract or certificate of guarantee, held by it;

(b) in the event of a breach of condition of any mortgage held by the Association, to make or cause to be made in the name and on behalf of the Association, entry for the purpose of taking possession of the mortgaged property or of foreclosing such mortgage, and to perform or cause to be performed any and all acts necessary or proper to consummate such foreclosure and effect the due execution of any power of sale contained in such mortgage, including the execution, acknowledgment and delivery of all deeds or other instruments of conveyance or assignment to the purchaser at such foreclosure sale or to any guarantor or insurer of such mortgage, and the execution of all affidavits and certificates required by law or deemed necessary or advisable by any of such officers in connection with any such entry or foreclosure;

(c) in furtherance of the power and authority conferred by law and these by-laws, to enforce in the name and behalf of the Association, any and all claims, liens and contracts held by the Association or to which it is a party, by proceedings at law or in equity or otherwise, in appropriate courts of this Commonwealth or of any state or territory of the United States in which real or personal property subject to such claims, liens or contracts, may be situated; and

(d) to act as agent for the Association for receiving service of process.

## 2.6 Expenses

At their annual meeting, the Trustees shall estimate the expenses necessary for the administration of the Association and authorize assessments therefor to be levied upon Participating Employers in proportion to the number of Members or upon such other basis as the Trustees shall determine. Additional assessments may be authorized by the Trustees at any regular or special meeting. Investment Management Expenses shall be charged against investment income.

## 2.7 Records

The Association shall keep accurate and detailed accounts and records of all investments, receipts and disbursements and other transactions. All accounts, books and records relating thereto, shall be open to inspection at any and all reasonable times by any Trustee, or by any representative designated by a Participating Employer, or by the Commissioner of Banks. The assets of the Plan shall be valued at fair market value at the end of each Fiscal Year and, in the discretion of the Trustees, more frequently. The accounts and funds of the Association shall be audited at such times and in such manner as the Trustees shall determine.

## 2.8 Bonding

Trustees, officers, employees and other persons shall be bonded to the extent required by ERISA and to such further extent if any as the Trustees shall determine.

## 2.9 Annual Statements and Reports

As of the end of each Plan Year, the Association shall (a) furnish to each Member a statement showing the status of his account, and (b) provide each Participating Employer with an audited financial statement for the Plan Year then ended.

8

## 2.10 Claims Procedure

The following claims procedure is established to provide protection to Members and beneficiaries, and is to govern unless and until a different procedure is established by the Trustees and published to the Members.

a) **Manner of Making Claim**

 A claim for benefits by a Member or beneficiary to be effective must be made in writing to the Association, unless the Association formally or by course of conduct waives such requirement.

b) **If an effective claim is wholly or partly denied**, the Association shall give the claimant written notice of the denial within sixty (60) days after the original claim was filed, setting forth (1) the reason or reasons for denial, (2) specific reference to Plan provisions on which the denial is based, (3) a description of any additional information needed to perfect the claim and an explanation of why such information is necessary, and (4) an explanation of the claims procedure.

c) **Within sixty (60) days from receipt of the denial notice**, the claimant may apply in writing to the Plan Administrator for review, unless the Trustees have designated an Appeals Committee for the purpose, in which case the application shall be made to that Committee.

d) **The Plan Administrator, or such Appeals Committee, as appropriate, shall issue a decision** on such review within sixty (60) days after receipt of the application for review.

## ARTICLE III

## INVESTMENT OF FUNDS

## 3.1 Investments

The Trustees may invest the Plan assets as a single Fund but it shall maintain separate investment accounts as a part of the Fund as are necessary to carry out the intent of the Plan. The Trustees may hold and/or invest part or all of the Fund in cash or its equivalent, and in stocks, bonds, securities, debts, evidence of debt, savings accounts, real property, annuity contracts, or common or pooled trust funds permitted by law and which do not constitute a prohibited investment under Section 405 and 408 of the Employees Retirement Security Act of 1974. The provisions of the governing instrument of any collective fund in which all or part of the Plan

9

assets are invested hereunder shall be incorporated as part of the Plan while the Plan assets are so invested. The Trustees may establish specific investments or classes of investments and in accordance with uniform and non-discriminatory rules established by them may allow a Participating Employer to Earmark part or all of such Employer's funds or a Participant to Earmark part or all of his/her Account into such specific investments or classes of investments.

## ARTICLE IV

## MISCELLANEOUS

### 4.1 Employer Information

Each Participating Employer shall furnish to the Association the name, and all other information necessary to determine the benefits due to each Employee who is a Participant in the Plan of the Participating Employer.

### 4.2 Insurance Company

Any Insurance Company shall not be considered a party to these by-laws, or to the Plan. It may deal with the Trustees as the owner of accounts and shall be entitled to rely on the written instructions of the Trustees or Plan Administrator in all matters pertaining to the Plan or the payment of benefits.

### 4.3 Fiduciary Obligations

The Trustees and the officers will discharge their duties as set forth herein solely in the interests of Participants and their Beneficiaries for the exclusive purpose of providing the benefits and defraying the reasonable expenses of the Plan. They will, at all times, exercise the care, skill, prudence and diligence under the then prevailing circumstances that a prudent man acting in a like capacity and familiar with such matters would use in conducting a similar enterprise. The named Fiduciaries will act in accordance with these by-laws and the Plan insofar as they are consistent with the law and the purposes of the Plan.

## ARTICLE V

## BY-LAWS

### 5.1 Construction of By-Laws and Plan

The provisions of the Plan and the by-laws shall be construed according to the Employees Retirement Income Security Act of 1974 and the regulations issued by the Internal Revenue Service and the Department of Labor of the United States and the laws of the Commonwealth of Massachusetts. Any conflict between ERISA and/or the regulations issued thereunder and the Laws of Massachusetts shall be resolved by compliance with ERISA and the regulations issued thereunder.

The provisions of these by-laws shall be construed as a whole in such manner as will carry out the purposes of the Plan and shall not be construed separately without relation to the entire Plan.

### 5.2 Amendment to By-Law

Except for Article 1.2 relating to the election of Trustees which may be amended only by the Participating Employers at an annual or special meeting called for that purpose, these by-laws may be amended by a vote of not less than two-thirds (2/3) of the Trustees at a special meeting called for that purpose. At least thirty (30) days prior to the date of any meeting called to amend the by-laws a copy of the proposed amended by-laws shall be mailed to each Participating Employer with a request that the same be posted in a conspicuous place or otherwise adequately disseminated for the information of all members. No amendment to these by-laws shall be adopted which shall enable any part of the funds of the Association or income therefrom to be used for or diverted to purposes other than the exclusive benefit of Members and beneficiaries.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Savings Bank Employees Retirement Association

## DEFENDANTS
Berkshire Bank

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Arthur G. Telegen, Esq., Foley Hoag LLP
Seaport World Trade Center West, 155 Seaport
Boulevard, Boston, MA 02210

Attorneys (If Known)
Nicole A. Colby, Esq.
McDermott, Will & Emery LLP
28 State Street, Boston, MA 02109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | ☐ 790 Other Labor Litigation | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Defendant removing case pursuant to 28 USC, Section 1441
Brief description of cause: because plaintiff's case is removable under 28 USC 1331 and 29 USC 1332(e)(1) because plaintiff's claims are subject to and preempted by ERISA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $55,997.44
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Edward F. Harrington
DOCKET NUMBER 04-11545

DATE January 20, 2005
SIGNATURE OF ATTORNEY OF RECORD
*Nicole A. Colby Longton*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Savings Bank Employees Retirement Association v. Berkshire Bank__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Savings Bank Employees Retirement Association v. East Boston Savings Bank (No. 04-11545)

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☒   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒   Central Division ☐   Western Division ☒

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Nicole A. Colby Longton__
ADDRESS __McDermott, Will & Emery LLP, 28 State Street, Boston, MA 02109__
TELEPHONE NO. __617-535-4000__

(Coversheetlocal.wpd - 10/17/02)